```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


ELOUISE ANDERSON-WILSON,      )
                              )
          Plaintiff           )
                              )
     v.                       )    Case No. 2:07 cv 239
                              )
SELECT SPECIALTY HOSPITAL-    )
NORTHWEST INDIANA, INC.,      )
                              )
          Defendant           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Extend Deadlines filed by the plaintiff, Elouise Anderson-Wilson, on May 30, 2008 (DE 21); the Motion for Leave to File Sur-Reply filed by the defendant, Select Specialty Hospital, on June 10, 2008 (DE 26); and the Motion to Compel filed by the plaintiff on May 30, 2008 (DE 22). For the reasons set forth below, the Motion to Extend Deadlines filed by the plaintiff (DE 21) is **GRANTED IN PART** and **DENIED IN PART**; the Motion for Leave to File Sur-Reply filed by the defendant (DE 26) is **GRANTED**; and the Motion to Compel filed by the plaintiff (DE 22) is **DENIED**.

Background

The plaintiff, Elouise Anderson-Wilson, worked as a respiratory therapist for the defendant, Select Specialty Hospital, beginning in May 2003. In her complaint, Anderson-Wilson, a Black female, alleged that in October 2006, she provided care to a patient and before leaving for lunch, informed another Select employee, Jeremy Metz, of the patient's condition. Anderson-

Wilson alleged that while under Metz's care, the patient's condition deteriorated but was stabilized by Anderson-Wilson when she returned. Within approximately two weeks, Anderson-Wilson's employment was terminated, and Metz, a white male, remained employed by Select.

Anderson-Wilson alleged that her treatment by the hospital was motivated by race. The matter was removed to this court on July 17, 2007. At the Federal Rule of Civil Procedure 16 conference, this court set, among others, a discovery deadline of April 30, 2008. This deadline was extended through May 30, 2008, pursuant to an agreed motion.

## Discussion

Regarding Select's motion for leave to file a sur-reply, this motion is **GRANTED**. The sur-reply filed as an appendix to that motion has been considered in the resolution of the plaintiff's motion to extend.

Rule 16(b)(3)(A) requires the court to enter a scheduling order that, at a minimum, "limits the time to join other parties, amend the pleadings, complete discovery, and file motions." See *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The rule also provides that a "schedule may be modified only for good cause shown and with the judge's consent." Rule 16(b)(4). The good cause standard is met when a party shows that "despite their diligence the time table could not have reasonably been met." *Tschantz*, 160 F.R.D. at 571; *Ciena Corporation v. Nortel Networks, Inc.*, 233 F.R.D. 493, 494 (E.D. Tex. 2006); *Edizone v.*

2

*Cloud Nine, LLC*, 505 F.Supp.2d 1226, 1231 (D. Utah 2007). Accordingly, the standard requires the party to show both her own diligence and more than a lack of prejudice to the non-moving party. *Tschantz*, 160 F.R.D. at 571. See also *Scheidecker v. Arvig Enterprises, Inc.*, 193 F.R.D. 630, 631-32 (D. Minn. 2006).

In her motion, filed on the day that discovery was scheduled to be completed, Anderson-Wilson stated that during a deposition three days prior, she first learned that a particular witness, Shonita Pate, was "still employed by the defendant." Anderson-Wilson seeks to extend discovery to depose Pate. In response, Select has argued that Pate was listed in its initial disclosures and that this individual was referenced during the course of the plaintiff's deposition. This response appears to miss Anderson-Wilson's actual grounds for seeking the extension. Anderson-Wilson has not claimed that she was unaware of Pate's existence. Rather, she has stated that she "had been informed" that employees who no longer were employed by the defendant "were therefore unavailable."

Anderson-Wilson's attorney also has stated that a significant amount of time during the pendency of this case had been occupied with the care required by her infant daughter, diagnosed with cerebral palsy and hospitalized frequently during this period.

Anderson-Wilson has provided no basis for equating the possibility that Pate no longer was employed by Select with her unavailability to act as a witness in this case. Perhaps securing

3

her attendance at a deposition would have been more readily accomplished if this witness was an agent of the defendant. However, Federal Rule of Civil Procedure 30 clearly does not require it. *See* Rule 30(a)(1)("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."). Whether Pate was employed by Select at the time Anderson-Wilson sought her deposition is irrelevant.

The failure to depose Pate sooner, accordingly, cannot be attributed to recently learning of Pate's reinstatement with the defendant. However, the court also recognizes that the nature of the medical concerns the plaintiff's attorney confronted frequently is recognized as good cause under the rules. In its response and sur-reply, Select has not addressed this concern. *See **Johnson v. Gudmundsson***, 35 F.3d 1104, 1111 (7th Cir. 1994)("As the district court noted, counsel's family problems almost certainly would have been justification for an extension of filing deadlines, if sought prospectively."). *See also **Medline Industries, Inc. v. Medline Rx Financial, LLC***, 218 F.R.D. 170, 173 (N.D. Ill. 2003)("When unpredictable and unfortunate circumstances arise, such as heart palpitations, counsel should inform the court before the filing deadline passes why he will be unable to comply, and if that is not possible, should inform the court as soon as practicably possible why the filing was late.").

Because the plaintiff sought the extension prospectively –

4

though just barely – and seeks only a limited reopening of discovery, the motion is **GRANTED IN PART** and **DENIED IN PART.** The plaintiff has not explained why the approximately 90-day extension is necessary to conduct a single deposition. Accordingly, discovery is extended through July 31, 2008, for the single purpose of deposing Shonita Pate. The deadline for filing dispositive motions will be reset by the district court following the close of discovery.

Anderson-Wilson also seeks an order compelling Select to disclose the wages of certain Select employees. A party is entitled to conduct discovery on any matter that is "relevant to the claim or defenses of any party." Federal Rule of Civil Procedure 26(b)(1). Under the federal rules, relevancy in discovery includes information that may not be admissible, provided that "discovery appears reasonably calculated to lead to discovery of admissible evidence." Rule 26(b)(1); *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Following amendments to Rule 26, narrowing relevance from that which is related to the "subject matter" of the case to matters related particularly to "claims or defenses," relevance remains broadly construed. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003)("The change, while meaningful, is not dramatic, and broad discovery remains the norm.").

A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Federal Rules of Civil Procedure 37(a)(2)

5

and 37(a)(3). The court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996); *Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 681 (7th Cir. 2002)("[T]he court should consider the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court.")(internal citations omitted).

Select argues that Anderson-Wilson's claim is not based on the allegation that she was paid less than similarly situated employees. In the terms of the Rule, the argument is that wage data is not relevant. Select further states that the information "is considered confidential." Select's unsupported assertion that it considers this information confidential does not entitle the information to protection as privileged or confidential information as understood by the Federal Rules. *See e.g. Baxter International, Inc. v. Abbot Laboratories*, 297 F.3d 544, 547 (7th Cir. 2002).

However, Select is correct in noting that Anderson-Wilson's complaint does not allege that she was paid less than similarly situated employees. As a result, there is no basis for considering this information relevant. *See e.g. White v. Money Store*, No. 96 C 5955, 1997 WL 126847 at *3 (N.D. Ill. March 18, 1997)("However, White did not allege either in his complaint or his EEOC

6

charge that he was paid less than similarly situated white employees or that he was given different duties than white employees, and this material is thus of no relevance to his present claims.").

---

For the foregoing reasons, the Motion to Extend Deadlines filed by the plaintiff, Elouise Anderson-Wilson, on May 30, 2008, (DE 21) is **GRANTED IN PART** and **DENIED IN PART;** the Motion for Leave to File Sur-Reply filed by the defendant, Select Specialty Hospital, on June 10, 2008, (DE 26) is **GRANTED;** and the Motion to Compel filed by the plaintiff on May 30, 2008, (DE 22) is **DENIED.**

ENTERED this 1st day of July, 2008

s/ ANDREW P. RODOVICH
United States Magistrate Judge